DRAWN
v.
CHERRY.

J. H. BOATNER, Tutor, v. DANIEL WADE.

A sequestration obtained on the ground of the plaintiffs apprehension, that the slave sued for, will be removed out of the jurisdiction of the court, cannot be set aside by proof of the defendant's long residence in the parish and possession of ample means.

APPEAL from the District Court of the Parish of Caldwell, *Mayo*, J.
W. H. *Hough*, for plaintiff.    T. L. *Crawford*, for defendant.

BUCHANAN, J.  This is a suit in revendication of a slave, commenced by sequestration, upon oath made, according to law, that plaintiff feared the defendant would send the slave out of the jurisdiction of the court, or would conceal, part with, or dispose of the slave pending the suit.

Immediately upon the execution of the writ of sequestration, the defendant bonded the slave, under Article 279 of the Code of Practice ; and a few days thereafter, took a rule upon plaintiff to dissolve the sequestration, on the ground, that the plaintiff was without reason to fear that the slave would be removed out of the jurisdiction of the court, concealed, or disposed of by the defendant, pending the suit.

On the trial of this rule, defendant proved by several witnesses, that he had been a resident of the parish for many years ; that he was generally considered solvent, and that he is assessed upon the parish assessment roll for $14,905.

The District Judge dissolved the sequestration upon this evidence.  We think he erred.

The evidence did not touch the matter in controversy, which was the apprehension of plaintiff, that the slave would be removed pending the litigation.  No fact was given in evidence, tending to show, either, that the plaintiff did not, in reality, entertain the apprehension by him declared on oath, as aforesaid ; or that it was impossible that such an apprehension could be realized.

The evidence that the defendant, and that his security for the forthcoming of the sequestered property, possess property in the parish, very far exceeding the value of that which is sequestered, sufficiently demonstrates that the plaintiff is amply secured by the bond which has been furnished to release the sequestration, but it is not seen how it tends to prove that the sequestration improperly issued. The defendant and appellee relies upon the case of *Johnston* v. *Johnston*, 13 An. 581, to sustain the judgment appealed from.  But the language of the court in that decision, scarcely meets the case which this record presents.

The court say : " This (the affidavit) constitutes *prima facie* evidence of the cause which entitled her to the issuance of the writ.  It then behooves the defendant to rebut this presumption, by showing *that it was not his intention* to part with these slaves and immovables."

Besides, it may be observed, that the case of *Johnston* v. *Johnston*, was one of very peculiar circumstances—a sequestration, by a wife suing for the administra-

<div style="margin-left:left">BOATNER<br>v.<br>WADE.</div>

tion of her paraphernal effects, and not only of those effects, but of all the separate property of her husband. As to the effects of the husband, the claim of the wife was merely that of a privilege ; and a comparatively feeble showing would suffice to quash the harsh process by which the husband was stripped at once of all the property confessedly his own, and part of it, real estate, which it was impossible for him to recover. The present plaintiff presents a very different case. He claims to be the owner of a slave, and that his slave is wrongfully detained from his possession.

The slave is a kind of property which may be removed from place to place, with the utmost facility ; and a very strong case, indeed, would be required to enable us to pronounce that the remedy of sequestration did not apply to such a case.

It is proper that we should add, that there is no danger that, by maintaining this sequestration, we will consign the slave to an imprisonment in the parish prison of Caldwell, until the termination of this suit ; for, as already observed, the defendant has the slave in possession under his bond.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed ; that the writ of sequestration herein issued be reinstated, without prejudice to the rights acquired by the defendant, by his bond given, as mentioned in the Sheriff's return of the writ; that the cause be remanded to be proceeded in according to law ; and that defendant and appellee pay the costs of this appeal.