The opinion of the court was delivered by
Watkins, J.
This is an action for the recovery of three thousand, five hundred and seventy-five dollars ($3,575.00) as damages against the defendant, resulting from certain alleged wanton, malicious and illegal acts of the defendant in having closed their business by an unlawful seizure and detention of the plaintiffs’ property; and on the trial thereof before the district judge, there was a decree in favor of the defendant, and against the plaintiffs, rejecting their demands.
It is from that judgment that the plaintiffs prosecute this appeal.
The petition alleges as the grounds of their action, that they are engaged in the business of shrimp-fishing, drying and packing business, and for that purpose have erected buildings, sheds and platforms on a certain spot or location in Grand Bayou, near Grand Lake, in the Parish of Jefferson, and have added thereto all the appliances, instruments and tools necessary for the purpose of carrying on their legitimate business, under a license duly granted by State and parochial authority.
. That, on or about the 27th day of January, 1898, the defendant, by virtue of certain judicial proceeding^ by him instituted against one Ah *1725 Cun, in a suit entitled James B. Rosser, ,Jr. vs. Ah Cun, in which suit he alleged himself to be the owner of your petitioners’ establishments, prayed that petitioners be ejected as trespassers, caused a writ of sequestration to issue without bond, and acting under said writ, caused the sheriff to seize and take into possession, all of the above described property as his own, and detained the same under seizure from the 9th to the 18th day of February, 1898.
That, through said unlawful interference with, and closing of petititioners’ business during the busy season of the year, they have suffered damages to the extent of twelve hundred and twenty-five dollars — the items of which are particularly specified.
Petitioners aver, that said proceedings were vexatious, malicious, and instituted with the intent to damage your petitioners in their credit, business and reputation.
They further aver, that said James B. Rosser, Jr., who in the suit above referred to, had alleged himself to be the owner of the property seized, and prayed to be sent into possession thereof as owner, subsequently discontinued the same, and instituted another suit against your petitioners, in which he claimed the ownership of one undivided half interest in saicj property, and demanded a partition thereof.
They further aver, that by judgment of the court in the last entitled suit, on the 23rd of July, 1898, same was dismissed at Rosser’s cost— he having proved no title or interest in said property.
They further aver, that notwithstanding said repeated judicial admissions and allegations of the said Rosser, he had caused one Sam Lee, and one Louis Desgouttes, to institute a certain suit in the Civil District Court of the Parish of Orleans, in which the plaintiffs allege themselves to be partners in petitioners’ company, and therein prayed for a liquidation thereof, and have caused another writ of sequestration to issue on bond subscribed by J. B. Rosser.
That said last mentioned suit has been since dismissed, for the want of jurisdiction territorially.
It is upon these different judicial proceedings that plaintiffs rely in making the allegations that the defendant has been guilty of certain wanton, malicious and illegal acts, entitling them to judgment against him in damages.
In his answer, the defendant denies that he has caused the petitioners any damages, or that there has been any unlawful interference witli *1726 tlieir business. He denies that any of the judicial proceedings referred to were either vexatious, malicious or instituted with the intent to damage petitioners in either their credit, business or reputation.
He avers that his action in the premises was characterized by perfect good faith and the desire to obtain a judicial ascertainment of his legal rights in the possession of his property.
He avers further, that by a notarial act, of date 7th December, 1897, and duly registered in the recorder’s office on the 18th day of February, 1898, he acquired, as he then supposed, the ownership of the shrimp factory in controversy, which consisted of platform, buildings and ¿ippurtenances thereon, known as the Tun Loy Company, and situated on Grand Bayou, now Grank Lake, in the Parish of Jefferson, and that under said belief he undertook, through his agent, to take possession of said property, when he was resisted by several Chinamen, to the respondent unknown, the leader of whom gave the name of Ah Cun.
That, thereupon, he instituted the suit first described, against Ah Cun as a trespasser on the aforesaid property; and that thereafter, upon being apprised of the existence of the Tun Loy Company, and that the members composing same were said to be Sam Lee, Louis A. Desgouttes, Wong Goon and Wong Bing Hong, he discontinued the said suit against Ah Cun and instituted the second suit against Wong' Goon and Wong Bing Hong, praying to be recognized as the owner of one undivided interest in said property, and praying for a partition thereof, according to law — praying for rents and revenues of the property from the date of its purchase.
lie represents that on the trial of said cause, the court held that “the sale of the partnership property to the plaintiff by two of the partners, without the knowledge or consent of the others, was unauthorized, and that such an illegal transfer is, as to the other partners, void, and of no effect.”
He further avers that he then took no further action individually; but that his vendors, Louis A. Desgouttes and Sam Lee, instituted a suit for a liquidation and settlement of the co-partnership known as the Tun Loy Company, in the Civil District Court for the Parish of Orleans; and that said suit was subsequently dismissed by the court upon a plea to the jurisdiction tendered by the defendant.
The respondent, assuming the character of plaintiff in reconventiom, avers, that said Sam Lee and Louis A. Desgouttes were and are part *1727 ners of the firm known as the Yun Loy Company, organized and formed by said named parties; and that the action of said plaintiffs in instituting this suit against the respondent, is wicked and malicious, and the same is brought for the purpose of injuring and damaging- respondent, and that respondent has been damaged in the full sum of four thousand, five hundred dollars, for which sum he prays for judgment against the plaintiffs in reconvention and in solido; and that their demands against him be rejected.
Upon these issues, considerable testimony was taken; and the various ’ suits referred to were offered in evidence, and are appended to the transcript.
An examination of the evidence and of these records discloses, that the statements made in reference thereto in the pleadings, are substantially correct; that is to say, in so far as the contents and purport of said records are concerned.
The foundation upon which those various suits are predicated is the reputed act of sale to which the defendant makes reference in his answer, and therefrom we have made the following- extracts, to-wit:
“Personally came and appeared Messrs. Louis A. Desgouttes and Sam Lee, both of full age and residents of this parish (Orleans) who declared, that for the consideration and on the terms and conditions hereinafter set forth, they do, by those presents, grant, bargain, sell, convey, transfer, assign and set over with full guarantee against all troubles, claims, debts, liens, privileges or other encumbrances whatsoever, unto Mr. James Barkley Rosser, Jr., * * * here present, accepting and purchasing- for himself, his heirs and assigns, and acknowledging delivery and posession thereof, the following described property, to-wit:
“The shrimp factory known as the Yun Loy Company, situated on Grand Bayou, near Grand Lake, in the Parish of Jefferson, State of Louisiana, the property consisting of a platform, buildings, sheds, tools and implements of trade, and all the movable property situated therein, or thereon, there being one frame building measuring about sixty by forty-five feet, and another one measuring- about twenty by twenty feet, and a shed and boiler; to have and to hold the property herein conveyed unto said purchaser, his heirs and assigns, forever.
* « # * * * • *
“This sale is made and accepted for and in consideration of the price *1728 and sum of one thousand dollars ($1,000.00), which has been settled for in the following manner, to-wit:
“The sum of four hundred dollars cash in current money, paid by the said purchaser at the execution of these presents, and in the presence of the undersigned notary and witnesses to the said vendors, who hereby acknowledge the receipt thereof, and grant full acquittance and discharge therefor, the balance of said purchase price, the sum of six hundred dollars, to be paid in cash, current money, on or before the --day of-, 1897.”
Immediately afterwards the following statement is made, to-wit:
“Said purchaser at the execution of these presents has paid the whole amount of the purchase price, to-wit: The sum of one thousand dollars instead of in the manner hereinbefore recited, and which the said vendors, jointly and mutually acknowledge to have reéeived, and grant the said purchaser full discharge and acquittance therefor.”
The foregoing act was passed by a notary in the presence of two witnesses, and signed by the parties. It bears upon its face the appearance of reality, and we understand from the evidence that there is nothing to impeach the validity of same. No claim is made and no proof was adduced of the untruthfulness of the recitals in the act that the purchaser had paid one thousand dollars in cash for the property.
Something, it is true, was said in argument, to the effect, that such a sale was an unusual one, and that it was surprising that a well informed attorney-at-law, residing in New Orleans, would have expended one thousand dollars in the purchase of a shrimp factory in tide water within the Parish of Jefferson, without having visited the property and made himself acquainted with its situation and value. But, in making this statement, we feel satisfied, counsel has assumed more than is justified by the record. To support the plaintiffs’ case, positive proof should have been administered of the unrealty of the transaction, or of its fraudulent and simulated character, to have justified the extravagant claims made as to the plaintiffs’ damages. In the absence of such proof, the defendant was clearlly entitled to go into court with a writ of sequestration for the recovery of the property he had purchased; particularly in view of the statement that his entry and possession thereof had been denied.
That whs the only legal course for him to pursue. He certainly would not have been justified in resorting to force.
*1729 Having ascertained, subsequently to the institution of that suit, that there were other parties than his vendors claiming to have an interest in the property, the defendant wisely exercised the discretion of dismissing his suit and instituting a different one, setting up his ownership of an undivided interest therein.
It can not be said with reason or propriety, that the defendant was guilty of any fault in having been summarily turned out of court in that ease by a decree of the judge contradictorily rendered. And, much the same may be said of the suit which was brought in the Parish of Orleans, for the liquidation and settlement of the partnership on behalf of his vendors, in view of the fact that sa. 'e was dismissed by the decree of the court, on the ground that it did not possess jurisdiction thereof, territorially.
Possessing a title which ostensibly conveyed full ownership of the property in controversy, the complaint made by the plaintiffs of the defendant’s action is manifestly groundless.
He certainly had, at least, probable cause for his action; and it can not be said or assumed that he was wholly without right in the premises, notwithstanding the fact that his pretentions had been so frequently defeated.
In our view, we think the defendant has been the greater sufferer of the two; though we are not prepared to say that the claim of either of the parties to damages, is meritorious. This case presents the litigants in the situation of having misunderstood their rights and interests in the premises; and the result of it all is, that they became involved in a troublesome and expensive litigation, by which neither party has been benefitted.
From all that appears in this record, and with due consideration to the litigation between the parties, its surroundings and results, we do not feel authorized to disturb the finding of the district judge who saw and heard the witnesses.
But, in so finding, we do not intend to conclude the right of action of either party for the recovery of actual damages.
Judgment affirmed.
Breaux, J., dissents.