(52 South. 667.)

No. 18,205.

ADELINE SUGAR FACTORY CO., Limited, v. THERIOT.

In re ADELINE SUGAR FACTORY CO., Limited.

(June 6, 1910.)

*(Syllabus by Editorial Staff.)*

SEQUESTRATION (§ 5*)—GROUNDS.

A plaintiff, claiming the ownership and possession of mules, may maintain sequestration against a defendant, on proof that defendant denies plaintiff's ownership, coupled with defendant's present opportunity to dispose of the property.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. § 4; Dec. Dig. § 5.*]

Appeal from Court of Appeal, Parish of St. Mary.

Action by the Adeline Sugar Factory Company against Louis Theriot. There was a judgment of the Court of Appeal, affirming a judgment dissolving a sequestration, with damages, and plaintiff applies for certiorari or writ of review. Reversed.

Borah & Himel, for appellant. W. C. Baker, for appellee.

PROVOSTY, J. Defendant was a tenant on plaintiff's plantation for the year 1909. Plaintiff had sold six mules to defendant, and defendant had sold them back to plaintiff, and then plaintiff had leased them to defendant for the year 1909. After the expiration (or judicial dissolution) of the land lease, and after the expiration of the mules lease, plaintiff demanded the return of the mules, and, on defendant's refusal to return them, sued out a sequestration. Defendant pleaded that he had never sold back the mules to plaintiff, and had never rented them from plaintiff, and that the documents showing these transactions were false; and he so testified. The documents were shown to have been duly executed by defendant. The sequestration was dissolved with damages; and the Court of Appeal affirmed the judgment, for the reason that plaintiff had not shown any grounds for its alleged fear that defendant would conceal, part with, or dispose of the mules during the pendency of the suit.

We think that, in the light of our jurisprudence, a distinction must be made between cases involving ownership and possession and those involving merely a privilege, with respect to the degree of proof required for maintaining a sequestration. In cases involving ownership and possession, the fear of the plaintiff must be considered to be justified by the mere fact of the denial of his ownership, coupled with the present opportunity of the defendant to dispose of the property. Boatner v. Wade, 14 La. Ann. 695; Lannes v. Courege, 31 La. Ann. 74; Yun Loy Co. v. Rosser, 52 La. Ann. 1728, 28 South. 251. In cases involving merely a privilege, some further proof is required. Vives v. Robertson, 52 La. Ann. 11, 26 South. 756.

The case at bar falls within the first of these classes; hence the sequestration should have been maintained.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal and of the district court herein be set aside, in so far as they dissolve the sequestration and condemn plaintiff to pay damages, and that the sequestration herein be maintained at the cost of defendant, and that the judgment be in all other respects affirmed; defendant to pay the costs of this suit.